E-filed 9/14/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PONOMARENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN SHAPIRO, et al.,<br><br>    Defendants. | Case No. 16-cv-02763-HRL<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO DEEM DEFENDANTS SERVED OR FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 10 |

Plaintiff Paul Ponomarenko ("Plaintiff") filed an administrative motion to deem defendants served, or, in the alternative, for alternative service, after his attempts to serve the defendants Nathan Shapiro ("Shapiro") and Project Vegas Mansion ("PVM") failed. Since the court is not persuaded that Plaintiff has exhausted the available methods of service, the court denies the administrative motion to deem defendants served or for alternative service.

The court is unable to award the relief Plaintiff seeks. Plaintiff cites *Rio Properties, Inc. v. Rio International Interlink* for the proposition that the court may order alternative service if conventional methods of service fail. 284 F.3d 1007, 1014 (9th Cir. 2002). *Rio*, however, involved a foreign corporation, so Rule 4(f)(3) and Rule 4(h)(2) were available. Since defendants here are domestic, Rule 4(f)(3), permitting the court to order service by "other means not prohibited by international agreement," and Rule 4(h)(2), involving service "at a place not within any judicial district of the United States," do not apply. Fed. R. Civ. P. 4(f)(3), 4(h)(2).

Rule 4 of the Federal Rules of Civil Procedure allows service on an individual within a judicial district of the United States by the methods outlined in the rule itself, as well as by the methods permitted under the laws of the forum state (here, California) and the state in which service is attempted (New York). Fed. R. Civ. P. 4(e). In addition to personal service, Cal. Civ. Proc. Code § 415.10, California allows service by mail, Cal. Civ. Proc. Code §§ 415.30, 415.40

1   (regarding service on a person outside of the state), and, if this is unsuccessful, service by
2   publication, Cal. Civ. Proc. Code §§ 415.30(d), 415.50.  Service by mail in California requires a
3   specific notice, Cal. Civ. Proc. Code § 415.30(b), and service on a person outside of the state by
4   mail requires a return receipt, Cal. Civ. Proc. Code § 415.40.  The court is not satisfied from
5   Plaintiff's presentation that these methods of service have been attempted or completed.

6   In addition to several other methods, New York permits service on a natural person "by
7   affixing the summons to the door of either the actual place of business, dwelling place or usual
8   place of abode within the state of the person to be served and [within 20 days of affixing the
9   summons] by . . . mailing the summons to such person at his or her last known residence . . . ."
10  N.Y. C.P.L.R. § 308(4).  If this method is chosen, service "shall be complete ten days after . . .
11  filing" of proof of service with the clerk of the court.  *Id.*  The court can order service
12  accomplished "in such manner as the court . . . directs" if this method is impracticable.  *Id.* at §
13  308(5).

14  The declaration filed by Plaintiff indicates that Plaintiff's process server attempted to
15  complete service by affixing the summons to the door of Shapiro's residence, Indrajana Decl., at ¶
16  3(c), and states that a notice of waiver was sent to the defendants with the summons and waiver
17  forms, *id.* at ¶ 3(f).  It is unclear from the declaration, however, on which dates the summons were
18  affixed to the door and whether the summons was mailed within 20 days of such affixing.  In any
19  event, no proof of service has been filed with the court.  Service does not appear complete by this
20  method.

21  Since the court is not persuaded that Plaintiff has exhausted the available methods of
22  service, the court denies the motion to deem defendants served or for alternative service, without
23  prejudice.  As Plaintiff has been diligently attempting to serve the defendants, the court finds good
24  cause shown and extends the time to complete service of process for 90 days.  *See* Fed. R. Civ. P.
25  4(m).

26  Finally, the court, without prejudice, denies as premature Plaintiff's request to file a
27  motion for fees and costs related to defendants' alleged refusal to waive service, *see* Fed. R. Civ.
28  P. 4(d)(2), but notes without opining that Plaintiff's declaration does not state that the mailing to

United States District Court
Northern District of California

1  defendants with the waiver forms included a copy of the complaint as required by Rule 4.  *See*
2  Fed. R. Civ. P. 4(d)(1)(C).
3  **IT IS SO ORDERED.**
4  Dated: 9/14/2016

HOWARD R. LLOYD
United States Magistrate Judge