# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PAUL PONOMARENKO,<br>Plaintiff,<br>v.<br>NATHAN SHAPIRO, et al.,<br>Defendants. | Case No. 16-cv-02763-BLF<br><br>**ORDER DENYING PLAINTIFF AND THIRD PARTY DEFENDANT'S JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 56, 62] |

Before the Court is an administrative motion to seal in their entirety or redact certain documents filed in connection with Defendant Nathan Shapiro's ("Shapiro") Opposition to Plaintiff and Third-Party Defendant's Joint Motion to Dismiss Defendant's Counterclaim and Third Party Complaint ("Opposition"). ECF 64. The sealing motion also requests to seal an identical document filed earlier in this case as an exhibit to Shapiro's Answer and Cross-Complaint. The motion to seal is brought by Plaintiff Paul Ponomarenko and Third-Party Defendant Summit Estate (collectively, the "Moving Parties"). Shapiro did not file an opposition to the motion. For the reasons discussed below, the motion to seal is DENIED without prejudice.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to

motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is

"sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Plaintiff Paul Ponomarenko ("Ponomarenko") brings this suit against Defendants Project Vegas Mansion ("PVM") and Nathan Shapiro (collectively, "Defendants"), alleging that Defendants engaged in fraudulent conduct that induced him to enter into two separate contracts for personal coaching with them, and that Defendants subsequently breached those contracts. See generally Compl., ECF 43. Shapiro filed an Answer and Cross-Complaint, bringing counterclaims against Ponomarenko as well as a third-party complaint against Summit Estate. ECF 56. Ponomarenko and Summit Estate (collectively, the "Moving Parties") filed a joint motion to dismiss Shapiro's cross-complaint on July 19, 2017. ECF 59. On August 1, 2017, Shapiro filed an opposition to the motion to dismiss and attached as "Exhibit A" a partially redacted version of one of the contracts at issue between the parties titled the Project Vegas Mansion's Agreement (hereafter, "PVM Agreement"). ECF 62-1. Earlier in this case, Shapiro had filed the same redacted version of the PVM Agreement as Exhibit A to his Answer and Cross-Complaint. ECF 56-1.

On August 2, 2017, the Moving Parties contacted this Court's staff to request the Court to lock Shapiro's opposition and its exhibits, as well as the identical exhibit to Shapiro's answer and cross-complaint. On August 7, 2017, the Court had not received a motion to seal and thus ordered the party requesting sealing to file an administrative motion as required by Civil Local Rule 79-5

3

1 and this Court's Standing Order Re Civil Cases. ECF 63. In response, on August 8, 2017, the
2 Moving Parties filed a motion to seal redacted portions of Shapiro's opposition brief as well as the
3 entire contract between the parties, which is an exhibit to Shapiro's Opposition as well as his
4 Answer/Cross-Complaint. ECF 64. Shapiro did not file an opposition to the motion to seal as
5 permitted by Civil Local Rule 7-11(b). Any opposition was due on August 14, 2017. As such,
6 this motion to seal was deemed submitted for immediate determination by the Court without
7 hearing on August 15, 2017. Civ. L. R. 7-11(c).

In their motion to seal, the Moving Parties do not address the more stringent compelling reasons standard but rather argue that "[g]ood cause exists to file" the identified documents under seal. ECF 64. However, the cross-complaint and motion to dismiss are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. This Court and other district courts in the Ninth Circuit have applied the compelling reasons standard to a motion to seal involving the filing of a complaint because "a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, 13-02430, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *see also Dunbar v. Google, Inc.*, 12–3305, 2013 WL 4428853 at *2 (N.D. Cal. Aug. 14, 2013). A motion to seal documents in connection with a motion to dismiss is similarly resolved under the compelling reasons standard. *See Towers v. Iger*, No. 15-CV-04609-BLF, 2016 WL 7211142, at *2 (N.D. Cal. Dec. 13, 2016) ("Because the sealing motion at issue relates to Defendants' motion to dismiss, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard.") Accordingly, the Court resolves the instant sealing motion under the "compelling reasons" standard.

With the compelling reasons standard in mind, the Court has reviewed the Moving Parties' sealing motion, the declaration of Michael Indrajana in support thereof, and the documents at issue. According to the Moving Parties, portions of Shapiro's opposition should be redacted because they cite or quote directly to the PVM Agreement between the parties which contains "intensely private information" concerning Ponomarenko. ECF 64-1 ¶¶ 4, 5. The Moving Parties argue that the PVM Agreement itself must be sealed in its entirety because it contains Ponomarenko's private bank account information, social security number, "and the circumstances

4

of the private coaching sessions that would be highly embarrassing if it were made public." ECF 64.

First, the Court notes that Shapiro already redacted sensitive information in the PVM Agreement. In his original filings, Shapiro excluded personally identifying information about Ponomarenko, taking steps to redact his bank account information, social security number, driver's license number, address, phone number, and email address. *See* ECF 56-1, 62-1. Thus, the Moving Parties' argument that the "intensely private information includes private bank accounts" and Ponomarenko's social security number is disingenuous, as Shapiro has already redacted this information. In any event, a request to seal the entire contract is not narrowly tailored to address those limited pages where Ponomarenko's (already redacted) personal information appears. The PVM Agreement is 21 pages long and includes dozens of other contractual provisions at issue in this case that contain no personally identifying information about Ponomarenko other than his name. Thus, the Moving Parties' argument that disclosure of the agreement would violate Ponomarenko's "personal and financial privacy" is not a compelling reason to seal those portions of the document that already redact such sensitive information.

The Moving Parties present two additional arguments in support of sealing: (1) that the circumstances of the private coaching sessions detailed in the PVM Agreement would be "highly embarrassing" it they were made public; and (2) the PVM Agreement was designated as confidential between the parties. ECF 64. The Moving Parties do not cite to any law in support of their motion to seal.

"The mere fact that the [disclosure] of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d. at 1179. Ponomarenko initiated this lawsuit against Shapiro for breach of contract, and his potential embarrassment from disclosure of the underlying contract terms does not establish a "compelling reason" to seal the agreement in its entirety. Moreover, the request to seal the entire PVM Agreement is not narrowly tailored to potentially "highly embarrassing" or private financial information. As explained above, Ponomarenko's "financial privacy" is not implicated throughout the document since most of his financial information, other

5

than the amounts he paid for the coaching services, is already redacted.

As to the Moving Parties' second argument, an agreement among parties to keep a document confidential does not establish a compelling reason to seal. "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179.

The Moving Parties' general assertions of privacy and confidentiality are insufficient to establish "compelling reasons" to seal the documents. The motion to seal the entire contract is also not narrowly tailored because the Moving Parties fail to establish that the entire contract is sealable. The Moving Parties state that the "request to seal is narrowly tailored to those *documents* that merit sealing." ECF 64 (emphasis added). The appropriate standard is that the request must be narrowly tailored to sealable *material*. *See* Civ. L.R. 79-5(b). The Court will consider a renewed motion to seal that includes a more narrowly tailored request to seal only sealable material in the PVM Agreement.

The Court also finds that the Indrajana Declaration does not articulate any reasons to seal the identified portions of Shapiro's opposition brief itself other than on the grounds that the opposition "cites and/or quotes directly to" the PVM Agreement. 64-1 ¶ 3. The first portion of the opposition that the Moving Parties request to seal does not include any personal or financial information about Ponomarenko. Rather, the opposition describes the details of the coaching sessions that Ponomarenko argues are "highly embarrassing." ECF 62. As discussed above, potential embarrassment alone is not a compelling reason to seal or redact the Court's records. *Kamakana*, 447 F.3d. at 1179. The second portion of the opposition brief that the Moving Parties request to seal refers generally to Ponomarenko's personal financial information, which could constitute sealable material. But the PVM Agreement already redacts Ponomarenko's financial information, and the Moving Parties have not articulated compelling reasons to redact the language in the opposition brief itself. Moreover, because the request to seal the entirety of the PVM Agreement is not narrowly tailored, the Court need not automatically redact portions of the

opposition that refer to it.

The Court leaves open the possibility that portions of Shapiro's opposition brief and the PVM Agreement may be sealable, but the current request does not establish a compelling reason to seal the documents and the request to seal the PVM Agreement in its entirety is not narrowly tailored as required by law. Accordingly, the Moving Parties' motion to seal is DENIED without prejudice.

Ponomarenko and Summit Estate shall have until August 31, 2017 to:

1) Submit new or revised declaration(s) articulating compelling reasons supported by specific factual findings in favor of sealing all, or portions of Shapiro's opposition brief and the PVM Agreement. ECF 62, 62-1, 56-1.
2) To the extent only a portion of each document is sealable, propose narrowly tailored redactions to seal only the sealable portion of that document.

Failure to submit a revised declaration and narrowly tailored redactions by **August 31, 2017** will result in the public filing of Shapiro's opposition brief and the PVM Agreement.[1]

**IT IS SO ORDERED.**

Dated: August 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court also notes that Exhibit B to Shapiro's opposition brief was locked by Court staff upon request by Ponomarenko and Summit Estate. ECF 62-2. The Moving Parties do not address Exhibit B in the instant motion to seal, and no additional motion to seal Exhibit B has been received by the Court. Therefore, the clerk is instructed to UNLOCK Exhibit B to Shapiro's opposition brief at ECF 62-2.