1  NATHAN SHAPIRO
2  6166 S. Sandhill Road
   Suite 146
3  Las Vegas, NV 89120
   Telephone: (212) 777-0002
4  Email: nylairchief@gmail.com
   Defendant in Proper Person
5

6              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
7

| | |
|---|---|
| **PAUL PONOMARENKO, an individual,** | Case No.: 5:16-cv-02763-BLF |
| **Plaintiff,** | |
| vs. | **MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| **PROJECT VEGAS MANSION, corporate entity of unknown form, NATHAN SHAPIRO, an individual; and DOES 1 through 50,** | |
| | Date of Hearing: _____ |
| | Time of Hearing: _____ |
| **Defendants.** | |
| **NATHAN SHAPIRO, an individual,** | |
| **Counterclaimant,** | |
| vs. | |
| **PAUL PONOMARENKO, an individual, DOES 1 through 50 and ROE business entities 51 through 100,** | |
| **Counterdefendants.** | |
| **NATHAN SHAPIRO, an individual,** | |
| **Third Party Plaintiff**, | |
| vs. | |
| **SUMMIT ESTATE, INC. DBA SUMMIT ESTATE RECOVERY CENTER, a California corporation, DOES 1 through 50 and ROE business entities 51 through 100,** | |
| **Third Party Defendants.** | |

# TABLE OF CONTENTS

STATEMENT OF RELEVANT FACTS..................................................................................1

    1. Change of Venue is Proper Pursuant to the Agreement Between the Parties and 28 U.S.C. 1404(a)..................................................................................................................1

POINTS AND AUTHORITIES.................................................................................................2

    2. Equitable Considerations Weigh Strongly Against Ponomarenko and Ponomarenko Has Contractually-Waived Any Doctrine of *Forum Non Conveniens* Argument He May Attempt...........9

CONCLUSION..........................................................................................................................10

DECLARATION OF NATHAN SHAPIRO.............................................................................11

CERTIFICATE OF SERVICE..................................................................................................12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, et al.*

    571 U.S. ___,134 S.Ct. 568, 187 L.Ed.2d. 487 (2013)..........................................4, 5, 8, 10

*Ferens v. John Deere Co.*

    494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).......................................................7

*Gutierrez v. Advanced Medical Optics, Inc.*

    640 F.3d 1025 (9th Cir. 2011)................................................................................................9

*Klaxon Co. v. Stentor Elec. Mfg. Co.*

    313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).............................................................6

*Piper Aircraft Co. v. Reyno*

    454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)............................................................6

*Rodriguez v. Disner*

    688 F.3d 645 (9th Cir. 2012)..................................................................................................9

*Stewart Organization, Inc. v. Ricoh Corporation*

    487 U.S. 22,  108 S.Ct. 2239 (1988)..................................................................................4, 6

*Van Dusen v. Barrack*

    376 U.S. 612, 84 S.Ct. 805 (1964)..........................................................................5, 6, 7

*The Bremen v. Zapata Off–Shore Co.*

    407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).................................................6

*U.S. Department of Housing & Urban Development v. Cost Control Marketing & Sales Management of Virginia, Incorporated, et al.*

    64 F.3d 920 (4th Cir. 1995)......................................................................................9

**FEDERAL STATUTES**

28 U.S.C. 1404(a).........................................................................................................1, 4, 5, 7

Fed.R.Civ.P. 11....................................................................................................................2

/ / /

/ / /

**COMES NOW,** Defendant NATHAN SHAPIRO and hereby respectfully moves this Honorable Court to transfer the venue in which this action is heard to the United States District Court for the District of Nevada, unofficial southern district seated in Clark County, Las Vegas, Nevada pursuant to 28 U.S.C. 1404(a) and the relevant case law.  NATHAN SHAPIRO's motion is based upon the pleadings in this case as well as this Motion, the following Memorandum of Points and Authorities, attached Declaration of Nathan Shapiro, and such additional matters as may be judicially noticed or properly come before this Court prior to or at the hearing of this matter.

Dated: September 29, 2017

NATHAN SHAPIRO
By: /s/Nathan Shapiro
6166 S. Sandhill Road
Suite 146
Las Vegas, NV 89120
Telephone: (702) 430-8420
Facsimile: (702) 522-6069
Defendant in Proper Person

### STATEMENT OF RELEVANT FACTS

**1. Change of Venue is Proper Pursuant to the Agreement Between the Parties and 28 U.S.C. 1404(a)**

The procedural history of this case is well-known to this Honorable Court. Nevertheless, there are extremely relevant facts which Plaintiff Paul Ponomarenko (hereinafter referred to as "Ponomarenko") intentionally concealed from the Court from the inception of this litigation, and with recent motion practice have been brought to the attention of the Court. This motion will continue to set the record straight.

1. There is one (1), *and only one (1),* Agreement between Ponomarenko and Defendant Nathan Shapiro (hereinafter referred to as "Shapiro").  A true and correct copy of the same, *properly redacted as ordered by the Court,* is attached hereto as Shapiro's Exhibit "A", and by this reference is incorporated herein and made a part hereof as

though set forth *en haec verba.*

2. Any alleged subsequent agreement(s) made between Ponomarenko and anyone else, including without limitation independent contractor Luke Krogh, were made without the knowledge or approval of Shapiro and do not bind Shapiro. The Agreement set forth herein as Exhibit "A" controls any and all aspects of the business relationship between Ponomarenko and Shapiro, without limitation.

3. Defendant's Exhibit "A" contains valid jurisdiction and venue provisions (See pages 11-12, Section XII, paragraphs 1 and 2 thereof). This Motion seeks to enforce those provisions.

4. Ponomarenko's First Amended Complaint appears to make contradictory, or at a minimum conflicting and confusing allegations as to Shapiro's residency for purposes of jurisdiction; see paragraph 2 (New York) and paragraph 7(a) (Nevada) thereof. This motion will render these glaring inconsistencies wholly irrelevant.

## POINTS AND AUTHORITIES

Ponomarenko is a sophisticated individual who owns several businesses. Ponomarenko carefully studied the (only) Agreement between he and Shapiro set forth in Exhibit "A" prior to executing the same. This is evidenced by the numerous interlineations and deletions of certain provisions. Ponomarenko initialed each and every page, including pages 11-12 which contains the jurisdiction and venue provisions. As further indicia of Ponomarenko's accession to the terms and conditions of the Agreement in general and pages 11-12 in particular, page 12 contains revisions at the bottom of the page in Ponomarenko's own handwriting, and which is initialed by both Ponomarenko and Shapiro.

Section XII, paragraphs 1 and 2, state in pertinent part as follows:

**XII. SERVICE OF PROCESS, JURISDICTION and VENUE**

1. <u>Jurisdiction</u> State or Federal courts located in Clark County, Nevada have personal Jurisdiction over both parties for the purpose of litigating any dispute, controversy, or proceedings arising out of or related to this

Agreement and all parties specifically consent to this Jurisdiction.

2. <u>Venue</u>: All actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in Clark County, Nevada State and Federal Courts. **This choice of venue is mandatory and not permissive, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement, "in any venue" other than that specified in this paragraph.** Each party waives any right they may have to assert the doctrine of forum non conveniens or similar doctrine or to object to venue with respect to any proceeding brought in accordance with this paragraph . . ." [Emphasis added].

The allegation by Ponomarenko of a "Second Agreement" for over a year is quite troubling indeed. Shapiro asserts in the strongest terms possible that this is and has been a continuing attempt to mislead this Honorable Court by a dishonest, wholly-fabricated and spurious allegation calculated to confer personal jurisdiction and venue over Shapiro in this Honorable Court. This may also be a quite serious violation of Fed. R. Civ. P. 11. Assuming *arguendo* that there was a "Second Agreement" (which there is not), it would be invalidated by the clear and unequivocal "CHANGES MUST BE IN WRITING" and "INTEGRATION" clauses found in Exhibit "A" at Section XIV, paragraphs 7 and 8, which state in pertinent part:

" . . . No subsequent agreement, representation or promise made by either party, or by or to any employee, officer, agent or representative of either party shall be of any effect unless it is in writing and executed by the parties to be bound . . ."

No such document exists, and therefore any argument to the contrary would be entirely without merit.

**28 U.S.C. 1404(a) states in pertinent part as follows:**

(a)     For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action **to any other district or division where it might have been brought <u>or to any district or division to which all parties have consented</u>.** [Emphasis added].

Ponomarenko, by virtue of Exhibit "A", has certainly "consented" that venue is proper in the United States District Court seated in Clark County, Las Vegas, Nevada. There can be no question about this. The dishonest fabrication of an alleged "Second Agreement" was merely a spurious ruse to attempt to confer venue in this Honorable Court. Ponomarenko, again an individual sophisticated in business matters, is fully aware of this, as well as Exhibit "A", as well as the fact that he studied it closely, requested multiple amendments and deletions, and executed it of his own free will and accord.

The United States Supreme Court has recently given us direction in the case of <u>Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, et al.</u> 571 U.S. ___,134 S.Ct. 568, 187 L.Ed.2d. 487 (2013). The Court granted *certiorari* due to conflicting holdings at the various Circuit Courts of Appeals below. This mandatory authority requires the District Court to adjust their analysis in three ways, as set forth *infra*. Justice Alito, writing the opinion for a *unanimous* Court, held in pertinent part as follows:

. . . .

In the typical case not involving a forum-selection clause, a district court considering a §1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." §1404(a).

The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the

most proper forum." *Stewart*, 487 U.S., at 31, 108 S.Ct. 2239. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.*, at 33, 108 S.Ct. 2239 (KENNEDY, J., concurring). For that reason, and because the overarching consideration under §1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*, at 33, 108 S.Ct. 2239 (same). The presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways.

First, **the plaintiff's choice of forum merits no weight.** Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the "plaintiff's venue privilege." *Van Dusen*, 376 U.S., at 635, 84 S.Ct. 805. But when a plaintiff agrees by contract to bring suit only in a specified forum - presumably in exchange for other binding promises by the defendant - the plaintiff has effectively exercised its "venue privilege" before a dispute arises. **Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.**

Second, a court evaluating a defendant's §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. **When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to**

-5-

**weigh entirely in favor of the preselected forum.** As we have explained in a different but " 'instructive' " context, *Stewart,* supra, at 28, 108 S.Ct. 2239, "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17-18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); see also *Stewart*, supra, at 33, 108 S.Ct. 2239 (KENNEDY, J., concurring) (stating that **Bremen's "reasoning applies with much force to federal courts sitting in diversity"**).

As a consequence, a district court may consider arguments about public-interest factors only. See n. 6, supra. Because those factors will rarely defeat a transfer motion, **the practical result is that forum-selection clauses should control except in unusual cases.** Although it is "conceivable in a particular case" that the district court "would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause," *Stewart*, supra, at 30–31, 108 S.Ct. 2239, **such cases will not be common.**

Third, **when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules** - a factor that in some circumstances may affect public-interest considerations. See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (listing a court's familiarity with the "law that must govern the action" as a potential factor). A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits. See *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494–496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). However, we previously identified an exception to that principle for §1404(a) transfers, requiring that the state law applicable in the original court also apply in the transferee court. See *Van Dusen*, 376 U.S., at 639, 84 S.Ct. 805.

We deemed that exception necessary to prevent "defendants, properly subjected to suit in the transferor State," from "invok[ing] §1404(a) to gain the benefits of the laws of another jurisdiction...." Id., at 638, 84 S.Ct. 805; see *Ferens v. John Deere Co.*, 494 U.S. 516, 522, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) (extending the *Van Dusen* rule to §1404(a) motions by plaintiffs).

The policies motivating our exception to the *Klaxon* rule for §1404(a) transfers, however, do not support an extension to cases where a defendant's motion is premised on enforcement of a valid forum-selection clause. See *Ferens*, supra, at 523, 110 S.Ct. 1274. To the contrary, **those considerations lead us to reject the rule that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the forum contractually selected by the parties.** In *Van Dusen*, we were concerned that, through a §1404(a) transfer, a defendant could "defeat the state-law advantages that might accrue from the exercise of [the plaintiff's] venue privilege." 376 U.S., at 635, 84 S.Ct. 805. But as discussed above, a plaintiff who files suit in violation of a forum-selection clause enjoys no such "privilege" with respect to its choice of forum, and therefore it is entitled to no concomitant "state-law advantages." Not only would it be inequitable to allow the plaintiff to fasten its choice of substantive law to the venue transfer, **but it would also encourage gamesmanship.** Because "§1404(a) should not create or multiply opportunities for forum shopping," *Ferens*, supra, at 523, 110 S.Ct. 1274, we will not apply the *Van Dusen* rule when a transfer stems from enforcement of a forum-selection clause: The court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right.

**When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.** A forum-selection clause, after all, may have figured

centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. **IN ALL BUT THE MOST UNUSUAL CASES, therefore, "the interest of justice" is served by holding parties to their bargain.** 134 S.Ct. 568, 581-583. [Emphasis added throughout].

. . . .

In the case at bar, the <u>Atlantic Marine</u> holding gives us clear direction:

1. The district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer. No such extraordinary factors are present in this case;

2. Ponomarenko's choice of forum merits no weight;

3. Ponomarenko is clearly the party who is "defying the forum-selection clause";

4. Ponomarenko cannot meet the burden of establishing that transfer to the forum for which the parties bargained is unwarranted;

5. Ponomarenko can point to no public-interest factor to defeat a transfer motion (which Justice Alito described as "rarely" occurring); the practical result of the same is that forum-selection clauses should control except in unusual cases. Given the honest and candid facts before the Court, this is not an unusual case, but rather a case involving allegations of breach of contract and various business torts;

6. Ponomarenko is bound by the forum-selection clause found in Exhibit "A", has flouted his contractual obligations and filed suit in a different forum by way of an astonishingly flimsy and dishonestly fabricated alleged "Second Agreement". Hence, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. Therefore, Nevada law should apply after the transfer.

**2. Equitable Considerations Weigh Strongly Against Ponomarenko and Ponomarenko Has Contractually-Waived Any Doctrine of *Forum Non Conveniens* Argument He May Attempt**

For well over a year, Ponomarenko maintained the spurious allegation that there was a second agreement between he and Shapiro. This was done in a transparent attempt to attempt to create an alleged "California agreement" and somehow thus confer venue in the Northern District of California, notwithstanding the choice of jurisdiction and venue provisions Ponomarenko knew he had signed in the Agreement with Shapiro. Ponomarenko should **not** be *"rewarded"* and Shapiro should **not** be *"punished"* for Ponomarenko's *gamesmanship* and *lack of candor* to the Court for over a year. Recently, in his own pleadings, Ponomarenko was forced to admit that there was only *one (1)* Agreement between he and Shapiro. Again, Ponomarenko should not be rewarded for his, *at best,* lack of candor to the Court. See Ponomarenko's pending Motion [ECF 59]: "Shapiro was not involved in the Second Agreement." (Plaintiff's Motion, p. 4, l. 19). The United States Court of Appeals for the 4th Circuit has clearly stated: "Consequently, the defendants' failure to cite *Olsen* in its brief or to respond to HUD's citation in its reply are troubling to the court, to say the least. **We remind counsel that a lawyer's duty of candor to the court must always prevail in any conflict with the duty of zealous advocacy."** *U.S. Department of Housing & Urban Development v. Cost Control Marketing & Sales Management of Virginia, Incorporated*, et al. 64 F.3d 920, 925 (4th Cir. 1995). [Emphasis added]. With regard to "duty of candor to the court", see also, *cf. Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).

At its core, the doctrine of *forum non conveniens* is concerned with fairness to the parties. *Gutierrez v. Advanced Medical Optics, Inc.*, 640 F.3d 1025, 1030 (9th Cir. 2011) [citing *Reyno, et al., v. Piper Aircraft Company,* 454 U.S. 235, 255, 102 S.Ct. 252 (1982)]. Ponomarenko specifically and *"exclusively" agreed* to jurisdiction and venue in the state and federal courts in Clark County, Las Vegas, Nevada. The vast majority of the witnesses necessary for discovery and proper adjudication of this case are located in the Las Vegas, Nevada area. Moreover, Ponomarenko was aware of this when he entered into the Agreement which contained a provision on page 2, under

"ACCELERATED PROGRAM", Section B, which he initialed that the Program would be held ". . . primarily in Las Vegas . . ." - regardless of what he later unilaterally chose to do in contravention of the Agreement. Ponomarenko also agreed that "95% of the coaching is conducted in Clark County, Las Vegas, Nevada." (See Exhibit "A", page 12, paragraph 2(i)). Additionally, it would be a significant hardship for additional witnesses, who were innocent pawns of Ponomarenko's scheme, to have to travel to Northern California to testify; they could not have reasonably foreseen at the time being haled into a Northern California court to testify in this matter.

Conversely, Ponomarenko cannot attempt to assert the doctrine of *forum non conveniens* as an argument in opposition to this Motion. He has contractually waived this option. See the Agreement, p. 12, para. 2 - the "Venue provision" in Exhibit "A".

## **CONCLUSION**

For the reasons as set forth in this foregoing Points and Authorities, the jurisdiction and venue provisions set forth on pages 11-12 of Defendant's Exhibit "A" as well as the Supreme Court's holding in <u>Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, et al.</u> 571 U.S. ___,134 S.Ct. 568, 187 L.Ed.2d. 487 (2013), Shapiro respectfully requests that this litigation be transferred forthwith to the United States District Court for the District of Nevada, unofficial southern division, seated in Clark County, Las Vegas, Nevada. Shapiro also requests fees, costs and sanctions against Ponomarenko for his willful and scurrilous attempt to mislead this Honorable Court.

Dated: September 29, 2017.

/s/ Nathan Shapiro
NATHAN SHAPIRO
6166 S. Sandhill Road
Suite 146
Las Vegas, NV 89120
Telephone: (702) 430-8420
Facsimile: (702) 522-6069
Defendant in Proper Person

-10-

**DECLARATION OF NATHAN SHAPIRO PURSUANT TO 28 U.S.C. 1746 IN SUPPORT OF MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

NATHAN SHAPIRO declares as follows:

1. I am an adult and am competent to make the following declaration and statements of fact of my own personal knowledge, except as to those statements made upon information and belief, and as to those matters, I believe them to be true.

2. That pursuant to the provisions of 28 U.S.C. 1746, I hereby declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, except as to those statements made upon information and belief, and as to those matters, I believe them to be true.

Executed this 29th day of September, 2017 at Las Vegas, Nevada.

                              /s/ Nathan Shapiro
                              NATHAN SHAPIRO

/ / /
/ / /
/ / /

-11-

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 29th day of September, 2017, I served a true and accurate copy of the foregoing through the Court's CM/ECF system to the following parties:

SANJIV N. SINGH, ESQ.
MICHAEL INDRAJANA, ESQ.
Attorneys for Plaintiff

/s/ Nathan Shapiro
NATHAN SHAPIRO